IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| Issac S. Hassan ) | |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | CIVIL ACTION NO. _____ |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Lyons Logistics LLC ) | |
| Service on Registered Agent: ) | |
| Legalinc Corporate Services Inc. ) | |
| 638 Independence Parkway ) | |
| Suite 240 ) | |
| Chesapeake, Virginia 23320 ) | |
| ) | |
| and ) | |
| ) | |
| Anthon Lyons ) | |
| (In his individual capacity) ) | |
| 2040 Scarlet Pine Road ) | |
| Dumfries, VA 22026 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Issac S. Hassan ("Mr. Hassan" or "Plaintiff"), by counsel, hereby complains and alleges as follows:

### NATURE OF THE CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., by Plaintiff against Defendants Lyons Logistics LLC and Anthon Lyons ("Lyons") (jointly referred to as "Defendants") for minimum wage and overtime violations of the FLSA. Plaintiff seeks his unpaid minimum wages

and/or unpaid overtime wages, an equal amount as liquidated damages, plus his reasonable attorney's fees and expenses.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and 28 U.S.C. §1337.

3. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

4. Plaintiff is an adult male resident of Fairfax County, Virginia. Plaintiff was employed by Defendants from during February 2020. At all times relevant to this complaint, Plaintiff was employed by Defendants in this District and within this Division.

5. Defendant Lyons Logistics LLC ("Lyons Logistics") is a Virginia limited-liability company. Lyons Logistics has its principal place of business located in Manassas, Virginia. Lyons Logistics conducted business activity in Prince William County, Virginia, within this district.

6. Lyons Logistics is an enterprise as defined at 29 U.S.C. § 203(r)(1) and is an enterprise engaged in interstate commerce as defined at 29 U.S.C. § 203(s)(1)(A).

7. At all times relevant to this Complaint, Lyons Logistics was an employer of Plaintiff under the terms of the FLSA.

8. At all times relevant to this Complaint, Defendant Anthon Lyons ("Lyons") was CEO and a chairman of Lyons Logistics. Lyons exercised significant control over

the day-to-day happenings at Lyons Logistics, including the power to select and hire any employee, the power to fire any employee, the power to set wages and compensation for any employee, and the power to control any employee.

9. At all times relevant to this Complaint, Lyons was an employer of Plaintiff for purposes of the FLSA.

## FACTUAL ALLEGATIONS

10. On information and belief, Lyons Logistics both had an annual gross volume of sales or business done of $500,000.00 or more at all times relevant herein.

11. All Defendants together had an annual gross volume of sales or business done of $500,000.00 or more at all times relevant herein.

12. Lyons Logistics and/or Lyons were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined by the FLSA, at all times relevant herein.

13. At all times relevant to this Complaint, Defendants were both employers of Plaintiff under the FLSA.

14. Defendants all engaged in interstate commerce by such means as regularly making telephone calls to persons in other states, receiving payments from persons in other states, and using goods manufactured in other states.

15. Defendants and/or their agents required and/or suffered or permitted Mr. Hassan to work uncompensated hours.

16. Specifically, Defendants failed to pay plaintiff for two of the four weeks of his employment.

17. In some or all workweeks, Defendants failed to maintain regular pay periods and failed to correctly account for Mr. Hassan's hours of work.

18. Defendants failed to inform Mr. Hassan of his rights under the FLSA and/or misled Mr. Hassan concerning his rights under the FLSA.

## COUNT ONE—VIOLATION OF FLSA MINIMUM WAGE AND OVERTIME REQUIREMENTS
### (Against both Defendants)

19. All prior allegations are reincorporated.

20. Defendants did not compensate Mr. Hassan for all hours that Defendants required and/or "suffered or permitted" Mr. Hassan to work with the actual or constructive knowledge of defendants.

21. Specifically, defendants failed to pay Mr. Hassan any compensation at all for two of the four workweeks of his employment.

22. Defendants willfully violated the FLSA by not compensating Mr. Hassan for all hours he was required and/or "suffered or permitted" to work and/or by not paying all overtime compensation due to Mr. Hassan and/or making deductions from his pay that reduced the minimum and/or overtime wages required to be paid to Mr. Hassan.

23. By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, as well as reasonable attorneys' fees, expenses, and costs under 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants Lyons Logistics LLC and Anthon Lyons, jointly and severally, for his unpaid overtime compensation in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorney's fees and expenses, costs, and such other relief as this Court considers proper.

Plaintiff demands a trial by jury.

Respectfully Submitted,
Issac S. Hassan
By and through his Attorneys,

DATED: March 2, 2021

Zachary A. Kitts
Virginia Bar # 47052
Counsel for Plaintiff
K&G Law Group, PLLC
3554 Chain Bridge Road, Suite 100
Fairfax, Virginia 22030
Phone: 703-649-5500
Fax:  703-649-6363
Email: zkitts@kglawpllc.com