## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ISSAC S. HASSAN,                          )
                                          )
                    *Plaintiff,*          )
                                          )
            v.                            )          Case No. 1:21-cv-00266
                                          )          Hon. Liam O'Grady
LYONS LOGISTICS, LLC *et al.*,            )
                                          )
                    *Defendants.*         )
                                          )
                                          )

### ORDER

This matter comes before the Court on the Defendants' Motion for Summary Judgment. Dkt. 15. The matter was fully briefed and the Court dispensed with oral argument.

For the reasons provided herein, Defendants' Motion for Summary Judgment is hereby **DENIED**. Furthermore, the Court is considering granting summary judgment in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 56(f). Defendants are hereby **ORDERED** to file their response, if any, showing cause why the Court should not grant summary judgment in favor of Plaintiff within fourteen (14) days of the issuance of this Order.

### I.    BACKGROUND

Plaintiff Issaq S. Hassan briefly worked for Defendants Lyons Logistics, LLC and Athon Lyons[1] in February of 2020. Plaintiff was properly compensated for his work up to February 18, 2020. However, he did not receive compensation for the thirty hours of work he performed from

---

[1] It appears from other documents filed with this Court that both Mr. Hassan's and Mr. Lyons's first names were spelled incorrectly in the original Complaint. If Issaq Hassan and Athon Lyons are the incorrect spellings, the Court apologizes.

February 23 to 25 before he terminated his employment with Defendants on or about February 27, 2020.

On April 15, 2020, Plaintiff sent a text message to Defendant Mr. Lyons, asking if his final check had been mailed to him. Defendant replied, stating he had no record of Plaintiff working after February 18, 2020. Plaintiff explained that he had worked but had not logged those hours into the electronic system that Defendant Lyons Logistics used to track employees' hours. After this discussion, Defendant Mr. Lyons confirmed that Plaintiff had worked thirty hours and was owed $487.50, and that he would send Plaintiff's paycheck.

On May 8, 2020, Plaintiff asked Defendant Mr. Lyons if he had sent the check, and Defendant said that he had. On July 3, 2020, Plaintiff notified Defendant that he still had not received the check. Defendant replied that he would have to ensure that the original check had not been cashed before he could send another. When Plaintiff asked Defendant about the check again the next week, Defendant told Plaintiff that he would need two weeks before he could send the check.

On March 3, 2021, Plaintiff filed the instant Complaint, claiming that Defendants violated the Fair Labor Standards Act (FLSA) by failing to pay him at least minimum wage for the hours he had worked between February 23 and 25. On May 5, 2021, the same day they filed their Answer to the Complaint, Defendants sent a cashier's check to Plaintiff in the amount of $975.00. This check represented thirty hours of work at a rate of $16.25 per hour and an equal amount in liquidated damages.

Defendants now argue that they are entitled to summary judgment and dismissal of Plaintiff's claim because their payment of $975 has mooted the claim. Plaintiff argues that the

claim is not moot because he is statutorily entitled to an award of attorney's fees in addition to back wages and liquidated damages.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate if, after the pleadings and discovery have been submitted, there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In that case, the moving party is entitled to a judgment as a matter of law. *Id.* A fact is material if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The same fact is genuine if a reasonable jury could return a verdict in favor of the nonmoving party. *Id.*

## III.    DISCUSSION

The FLSA requires employers to pay employees at least a minimum wage of $7.25 per hour. 29 U.S.C. § 206. If an employer violates this requirement, then the act states that the employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages. ... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The only remaining issue is that of attorney's fees and costs. Defendants have acknowledged their responsibility in their Answer, in which they "admit that Plaintiff was mistakenly not compensated for 30 hours of work he performed on behalf of Defendants." Dkt. 13 at ¶ 16. However, they now argue that the $975.00 that they have paid to Plaintiff has satisfied

their duty under the FLSA. They argue that they paid Plaintiff, so there is no remaining violation and Plaintiff's case is moot.

In support of this position, Defendants assert that the FLSA does not impose a time limit on *when* employees must be paid, as long as they are paid fairly. While this is true, several circuit courts and the Supreme Court have held that employees must be paid reasonably promptly; to hold otherwise would be anathema to the clear intent of Congress in passing the law. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708, 65 S. Ct. 895, 902 (1945); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960); *Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993); *Keen v. Mid-Continent Petroleum Corp.*, 63 F. Supp. 120, 128–29 (N.D. Iowa 1945), aff'd, 157 F.2d 310 (8th Cir. 1946). Defendants paid Plaintiff what they owed him only after a year had passed and he had initiated a lawsuit. This payment is not reasonably prompt, nor is it reasonable in any other sense. For this reason, it does not and cannot relieve Defendants of their liability under the FLSA.

Defendants would argue that they have already made Plaintiff whole with the payment of $975.00. However, the statute grants to the Court the discretion to award attorney's fees and costs. 29 U.S.C. § 216(b). Defendants also knew when they sent the cashier's check that Plaintiff intended to pursue attorney's fees. One week before they sent the check to Plaintiff, Defendants' counsel had received an email from Plaintiff's counsel containing Plaintiff's demand to settle the case, which included $975.00 representing his thirty hours of work and an equal amount of liquidated damages and attorney's fees and costs in the amount of $8,240.00. Dkt. 16-2.

Defendants clearly knew that Plaintiff did not intend to settle this lawsuit for only back wages and liquidated damages. Because 29 U.S.C. § 216(b) gives the Court discretion to grant attorney's fees and costs to an employee wronged by a violation of the FLSA, Plaintiff had the

right to continue to trial and request the award from the Court if Defendants did not willingly agree to it. Defendants' argument that they can unilaterally preclude an award that is permitted by statute by paying a fraction of that award is entirely improper and bordering on absurd.

The Court's position is supported by the Fourth Circuit's findings in *Simmons v. United Mortgage and Loan Investment, LLC et al.* In that case, the Court held that an offer of "full relief" in exchange for settling out of court did not moot the plaintiffs' claims because any such offer still deprived the plaintiffs of a valid final judgment in their favor. 634 F.3d 754 (4th Cir. 2011). If the absence of a valid judgment is enough to keep a claim alive, thousands of dollars in attorney's fees and costs is more than enough. The payment made to Plaintiff does not render his claim against Defendants moot.

### IV.   CONCLUSION

This case is a perfect illustration of why Congress included the attorney's fees and costs provision in the FLSA. Plaintiff performed work for Defendants, and Defendants did not pay him for that work. Plaintiff brought the mistake to Defendants' attention, and Defendants still did not pay him. Plaintiff was forced to choose between accepting the loss of money he earned and incurring hefty legal expenses. It is Defendants' lapse, and nothing else, that brings the parties to this Court, and Plaintiff cannot be made whole without an award of attorney's fees and costs.

Defendants' Motion for Summary Judgment is hereby **DENIED**. As stated above, Defendants may file a response to this Order showing good cause why the Court should not enter summary judgment in Plaintiff's favor within fourteen days of the issuance of this Order.

It is **SO ORDERED.**

August 6, 2021                                           Liam O'Grady
Alexandria, Virginia                                  United States District Judge

5