IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ISSAQ S. HASSAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-00266-LO/TCB |
| LYONS LOGISTICS LLC, and | ) |
| ATHON LYONS, | ) |
| | ) |
| Defendants. | ) |

**<u>DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE</u>**

There is good cause not to grant summary judgment in favor of Plaintiff. First, the Complaint attempts to allege two claims, "violation of FLSA minimum wage *and* overtime requirements," (Compl., ECF No. 1, at 4 (emphasis added)); however, there is no record evidence to support an overtime claim under § 207 of the Fair Labor Standards Act ("FLSA"). Defendants raised this issue, which Plaintiff has not and cannot dispute. On this basis alone, summary judgment for Plaintiff on that claim is not warranted.

Next, unlike in *Simmons et al. v. United Mortgage and Loan Investment, LLC et al.*, the parties are not in dispute over the material facts of Plaintiff's substantive claim for "unpaid" wages under § 206 of the FLSA. As explained more fully below, the *Simmons* court outlined certain factual situations for a claim to be properly dismissed as moot. The record confirms that one of those situations exists in this case because Defendants have tendered payment in the form of a certified cashier's check, which negates the need for a substantive judgment on the merits (i.e., moots the claim) to enforce payment.

Finally, although the Court correctly notes that "[t]he only remaining issue is that of attorney's fees and costs," (Or., ECF No. 22, at 3), granting summary judgment for the Plaintiff is

not required to resolve that issue. From the outset, Defendants offered to pay a portion of the close to $9,000.00 in attorney's fees and costs initially demanded. But Defendants' offer was unilaterally rejected by counsel for Plaintiff, leaving Defendants in a "take it or litigate it" situation because Plaintiff was unwilling to try compromising that issue.

Therefore, under the circumstances, granting Summary Judgment in Plaintiff's favor is not appropriate.

## ARGUMENT

**A.      Plaintiff's § 207 Claim For Unpaid Overtime Should Be Dismissed.**

To establish a violation of the FLSA for non-payment of overtime hours, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or the production of goods for commerce; (3) the plaintiff worked over forty hours per workweek; (4) the plaintiff was not compensated at a rate of 1.5 times her regular rate for each hour worked over forty hours for each workweek; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 207. In this case, Plaintiff has alleged a § 207 claim for unpaid overtime wages for no apparent reason. There is no record evidence to support that Plaintiff was entitled to overtime wages. Plaintiff's Opposition Brief completely ignored this and, instead, only argued that that he could "support … all the elements of [his] FLSA claim." (Opp'n, ECF No. 19, at 13.) Accordingly, this Court should not grant summary judgment for Plaintiff on this claim, and that claim should be dismissed because it is undisputed that Plaintiff never worked over forty hours per week during his two-week tenure with Lyons Logistics, which precludes any claim for overtime pay under the § 207 of the FLSA

**B.	Summary Judgment For Plaintiff On His § 206 Claim For Unpaid Wages Is Not Appropriate Because The Requirement For Mootness Have Been Satisfied.**

The essential elements to support a claim for unpaid wages under the FLSA require a plaintiff to prove damages in the form of unpaid wages. *See* 29 U.S.C. § 206. Plaintiff cannot establish this element because Defendants unconditionally tendered full relief to Plaintiff by issuing a cashier's check for all of his alleged back pay and liquidated damages, without imposing any obligation on Plaintiff. Plaintiff admits the same. (ECF No. 19 at 3, 15 ("[i]t is true that the check sent by Defendants covered Hassan's unpaid wages and liquidated damages … Defendants pa[id] Hassan what he is owed").)

In *Kuntze v. Josh Enterprises*, this Court engaged in a detailed analysis of whether actual payment to the plaintiff, which afforded her complete relief, was sufficient to moot her claim. After a thorough review of cases within and outside of the Fourth Circuit, the Court "conclude[ed] that when an individual plaintiff receives complete relief for her claims, that plaintiff no longer has a live case or controversy because there is not additional relief that she can hope to obtain through further litigation." 365 F. Supp. 3d 630, 442 (E.D. Va. 2019). Thus, an executed settlement agreement or judgment is not required in cases where payment is otherwise assured. *See Kuntze*, 365 F. Supp. at 642 (holding that "[w]hile a judgment may be necessary to moot a claim in some scenarios, a judgment may be unnecessary to moot a claim if payment is assured in another way, such through a duly issued cashier's check which, unlike a personal check, is guaranteed by a bank."); *see also Price v. Berman's Auto, Inc.*, No. 14-763, 2016 U.S. Dist. LEXIS 35807 (D. Md., Mar. 21, 2016) (holding that an unconditional tender of full relief by cashier's check was sufficient to moot a claim where there were no class action concerns because the plaintiff would possess all the money he would have had if he prevailed through litigation).

These holdings are not offended by, and are actually supported by the Fourth's Circuit's analysis on mootness in *Simmons et al., v. United Mortg. and Loan Inv., LLC et al.*, 634 F.3d 754 (4th Cir. 2011). The *Simmons* Court explained that a case can "become moot either due to a change in factual circumstances"—that is the case here—"or due to a change in the law." *Id.* at 763. Citing long standing Fourth Circuit precedent, the *Simmons* Court went on to explain that "'[i]f intervening factual and legal events effectively dispel the case or controversy during the pendency of the suit, the federal courts are powerless to decide the [case].'" *Id.* (quoting *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983)). It also noted that "'[g]enerally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.'" *Id.* (quoting *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). Ultimately, the *Simmons* Court reversed the district court's mootness ruling because the defendants' settlement "was ambiguous as to the amounts of the actual and liquidated damages to be recovered … preventing mooting of the Plaintiffs' FLSA claims." 634 F.3d 754, 766-77 (4th Cir. 2011) (posing the following hypotheticals as support: "[w]hat if the hours and dates of overtime claimed by the Plaintiffs did not match with whatever records were to be provided … [a]nd what if the Defendants did not believe that the Plaintiffs had sufficiently explained how the calculation of overtime amounts claims was done").

Here, Plaintiff's substantive claim for unpaid wages was for a specific amount, which he has received. Put simply, the factual circumstances of this case have changed and rendered Plaintiff's substantive claim moot. And, a judgment is not required to enforce payment in light of the cashier's check unconditionally tendered by Defendants. Moreover, § 216 is not a vehicle to sustain an independent claim for unpaid wages under § 206 of the FLSA because attorney fees are not actual damages, which is an essential element of such claims, they are separately defined and

"in addition to a judgment" for unpaid wages. Accordingly, summary judgment for Plaintiff on the merits of his § 206 claim - a judgment - is not appropriate in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's § 207 overtime claim under the FLSA and not grant summary judgment for Plaintiff on the substance of his § 206 claim for unpaid wages.

Dated: August 20, 2021                    Respectfully Submitted,

**LYONS LOGISTICS LLC and ANTHON LYONS**

By:   /s/ Amy M. Pocklington
Amy M. Pocklington, Esquire
Virginia State Bar Number 45233
amy.pocklington@ogletreedeakins.com
W. Ryan Waddell, Esquire
Virginia State Bar Number 91148
ryan.waddell@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Telephone: (804) 663-2330
 Fax: (855) 843-1809
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2021, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs:

>Zachary A. Kitts (VSB No. 47052)
>K&G Law Group, PLLC
>3554 Chain Bridge Rd., Suite 100
>Fairfax, VA  22030
>703-649-5500
>zkitts@kglawpllc.com
>*Counsel for Plaintiff*

**LYONS LOGISTICS LLC and**
**ANTHON LYONS**

By:     /s/ Amy M. Pocklington
Amy M. Pocklington, Esquire
Virginia State Bar Number 45233
amy.pocklington@ogletreedeakins.com
W. Ryan Waddell, Esquire
Virginia State Bar Number 91148
ryan.waddell@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Telephone: (804) 663-2330
Fax: (855) 843-1809
*Counsel for Defendants*