IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ISSAQ S. HASSAN, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>LYONS LOGISTICS, LLC ET AL, )<br>)<br>*Defendants*. )<br>) | Civil Action No. 1:21-cv-00266<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Defendants' Response to the Court's Order to Show Cause. Dkt. 25. The Court has considered Defendants' arguments and, based on the following analysis, grants summary judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 56(f).

## I. BACKGROUND

On August 6, 2021, this Court denied Defendants' Motion for Summary Judgment. Dkt. 22. In that Order, the Court stated that it was considering granting summary judgment in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 56(f), which allows a Court to grant summary judgment in favor of a nonmovant. The Court ordered Defendants to file their response, if any, to show cause why the Court should not grant summary judgment in favor of Plaintiff within fourteen days of the issuance of that Order. *Id.*

Defendants timely filed a Response to the Court's Order to Show Cause. Dkt. 25. In that Response, Defendants argue that there is good cause not to grant summary judgment in favor of

Plaintiff because: (a) there is no record evidence to support Plaintiff's overtime claim under § 207 of the Fair Labor Standards Act ("FLSA"), and (b) because Plaintiff's claim for summary judgment on the § 206 claim is moot. The Court considers each of these arguments in turn.

## II. DISCUSSION

Defendants first argue that "there is no record evidence to support an overtime claim under § 207 of the Fair Labor Standards Act ("FLSA"). Defendants argue that Plaintiff's complaint attempts to allege two claims: "violation of FLSA minimum wage and overtime requirements." *See* Dkt. 25 at 1; Dkt. 1 at 1. Defendants then state that because Plaintiff has not provided record evidence to support an overtime claim under § 207 of the FLSA, summary judgment for the Plaintiff is not warranted.

The Court is unpersuaded by this argument. Nowhere in Plaintiff's Complaint does he actually rely upon § 207 of the FLSA. Plaintiff's Complaint clearly states that "Plaintiff seeks his unpaid minimum wages *and/or* unpaid overtime wages, an equal amount of liquidated damages, plus his reasonable attorney's fees and expenses." Dkt. 1 at 1-2 (emphasis added). Count One of Plaintiff's Complaint charges:

> "Defendants willfully violated the FLSA by not compensating Mr. Hassan for all hours he was required and/or 'suffered or permitted' to work and/or by not paying all overtime compensation due to Mr. Hassan and/or making deductions from his pay that reduced the minimum and/or overtime wages required to be paid to Mr. Hassan." *Id.* at 4.

Plaintiff does not rely upon a claim specifically seeking overtime wages. Plaintiff's Complaint is proper, and the Court will not deny summary judgment to Plaintiff on this ground.

Defendants next argue that Plaintiff's Complaint is moot because "Defendants unconditionally tendered full relief to Plaintiff.' Dkt. 25 at 3. The Defendants cite to *Kuntze v.*

*Josh Enterprises, Inc.*, 365 F. Supp. 3d. 630 (E.D. Va. 2019) which states that "when an individual plaintiff receives complete relief for her claims, that plaintiff no longer has a live case or controversy because there is no additional relief that she can hope to obtain through further litigation." *Kuntze*, 365 F. Supp. 3d at 642. Defendants further cite to *Simmons et al., v. United Mortg. and Loan Inv., LLC et al.*, 634 F.3d 754 (4th Cir. 2011) which states that a case can "become moot either due to a change in factual circumstances or due to a change in the law," and that "one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Simmons et al.*, 634 F.3d at 763 (internal citations omitted). Defendants claim that because they have tendered a cashier's check to Plaintiff in the amount of $975.00, which represents back wages and liquidated damages, they have fully satisfied Plaintiff's Complaint and have rendered it moot.

Again, the Court is unpersuaded by this argument. As stated clearly in the Court's August 6th Order, Dkt. 22, denying Defendant's motion for summary judgment, the Defendants have *not* tendered full relief to the Plaintiff. Plaintiff is statutorily entitled to an award of attorney's fees in addition to back wages and liquidated damages. The FLSA grants the Court discretion to award attorney's fees and costs. 29 U.S.C. § 216(b). Therefore, Defendants have not tendered relief to Plaintiff and Plaintiff's Complaint is not moot.

### III. CONCLUSION

The Court has received and considered Defendants' Response to the Court's Order to Show Cause, Dkt. 25. In light of the foregoing analysis, the Court **GRANTS SUMMARY JUDGMENT TO PLAINTIFF** pursuant to Federal Rule of Civil Procedure 56(f).

3

If Plaintiff would like to seek attorney's fees, Plaintiff is directed to file a separate motion indicating the attorney's hours worked with particularity, the billing rates of the attorneys involved, and an affidavit of reasonableness from a Northern Virginia practitioner.

It is **SO ORDERED.**

November 9, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge