**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Issaq S. Hassan,            ) | |
| )| |
| Plaintiff,            ) | |
| )| |
| v.            ) | CIVIL ACTION NO. 1:21-cv-0266 |
| )| |
| Lyons Logistics, LLC            ) | |
| *et al*.,            ) | |
| )| |
| Defendants.            ) | |

**PLAINTIFF'S PETITION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiff Issaq Hassan files this petition and its accompanying evidence pursuant to Fed. R. Civ. P. 54(d) seeking an award of his reasonable attorney's fees and costs under 29 U.S.C. § 216(b). Plaintiff seeks a total of $40,696.00 in legal fees and $562.00 in costs, for a total judgment of $41,258.00. In support plaintiff states as follows.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Issaq Hassan brought this action to recover his unpaid wages, liquidated damages, attorney's fees and costs under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (*Doc*. 1). His cause of action arose when defendants failed to pay him for roughly 30 hours of work he performed during his short employment. *Id*. After service of the Complaint, defendants requested – and obtained – plaintiff's consent for an extension to file an Answer. (*Doc*. 11). The court granted the motion, giving defendants an additional 30 days to file an Answer. (*Doc*. 12). Defendants filed their Answer on May 5, 2021. (*Doc*. 13).

Even before defendants filed their Answer, settlement discussions had occurred between the parties. On April 27, 2021 plaintiff presented a demand for Mr. Hassan's unpaid wages, liquidated damages, and attorney's fees and costs. (*Doc*. 16-2). Based in part on the written

demand prepared by plaintiff, defendants elected to try what can only be described as a primitive ruse to avoid liability for attorney's fees and costs: they proffered payment to Mr. Hassan for the unpaid wages and liquidated damages he claimed – but not for the attorney's fees and costs he incurred in collecting his damages – and then filed an early Motion for Summary Judgment arguing that Mr. Hassan's claims were now moot. (*Doc.* 16). Defendants argued that because the case was now moot, no judgment could be entered in plaintiff's favor and, therefore, the fee-shifting provisions of the FLSA – which depend on the entry of judgment in favor of the plaintiff – could not be triggered. (*Doc*. 16, Page 52, Footnote 2). Defendants also asserted fragments of several other arguments; for example, defendants appeared at one point to argue that because the FLSA does not contain an express time for payment of a last paycheck, they were free to pay Mr. Hassan's final wages whenever they saw fit. (*Doc*. 16; Page 51).

Plaintiff filed his opposition to the Motion for Summary Judgment on June 7, 2021. (*Doc*. 18). Plaintiff believed that the set of material facts described by defendants entitled him to summary judgment. *Id*. Plaintiff therefore argued that the court could and should enter judgment in favor of the plaintiff *sua sponte* under Fed. R. Civ. P. 56(f). *Id*.

As a result of the pandemic, the court's first available date for a hearing was August 6, 2021. On August 4, 2021 the court notified counsel that it would rule on the papers and that a hearing would not be necessary. On August 6, 2021 the court entered its opinion and order denying summary judgment for the defendant. (*Doc*. 22). In addition to denying the defendants' request for summary judgment, the court ordered defendants to show cause within 14 days why judgment should not be entered on behalf of the plaintiff. *Id*. Defendants responded to the show cause order on August 25, 2021. (*Doc*. 25). On November 9, 2021 the court entered its opinion and order granting judgment in Mr. Hassan's favor. (*Doc*. 26). Pursuant to Fed. R. Civ. P. 54(d)

and the court's order, plaintiff had 14 days to prepare and file this petition and its supporting documentation for an award of his attorney's fees and costs.

## LEGAL STANDARD

An award of attorney's fees to prevailing plaintiffs under the FLSA is mandatory. 29 U.S.C. § 216(b). However, the amount of the award rests within the sound discretion of the trial court. *Gilliam v. Montgomery Ward & Co. Inc.*, 912 F. Supp. 195, 198 (E.D. Va. 1996), vacated on other grounds by, 121 F.3d 698 (4th Cir. 1997). While the district court has discretion over the amount of the fees, it has no discretion to deny plaintiff's counsel a fee. *Id*.

The well-settled lodestar methodology is the starting point in fee claim evaluation. As Judge Ellis has noted, "the lodestar figure has, as its name suggests become the guiding light." *Route Triple Seven Ltd. Partnership v. Total Hockey, Inc.*, 127 F.Supp.3d 607, 618 (E.D.Va.,2015) citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 801, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). To determine the lodestar amount, a Court multiplies the number of hours reasonably expended by the attorneys by a reasonable hourly rate. *E. Associated Coal Corp. v. Dir., Off. of Workers' Compen. Programs*, 724 F.3d 561, 569-70 (4th Cir. 2013). citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

In determining whether the hourly rates and the hours of work are reasonable, the Court is guided by the twelve factors described in *Barber v. Kimbrell's, Inc*., 577 F.2d 216 (4th Cir.1978) and *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974). The factors are: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill required to perform the legal service properly; (iv) the preclusion of other employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or the circumstances; (viii) the amount

involved and the results obtained; (ix) the experience, reputation, and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. See *Johnson*, 488 F.2d at 717–19.

After determining the lodestar figure, the court then subtracts fees for hours spent on unsuccessful claims unrelated to successful ones; once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. *Robinson*, 560 F.3d at 244.  Because the degree of success obtained by the plaintiff is the most critical factor in determining the reasonableness of a fee award, the district court may simply reduce the award to account for the limited success. *Lilienthal v. City of Suffolk*, 322 F.Supp.2d 667, 675 (E.D.Va.2004) (quoting Hensley, 461 U.S. at 436–37).

The trial court is given wide latitude to assess fees against the losing party; the trial court's findings will only be disturbed when an abuse of discretion is shown. *Carroll v. Wolpoff & Abramson*, 53 F.3d 626 (4th Cir. 1995). However, once a petitioner has made this *prima facie* showing of reasonable hourly rates and a reasonable number of hours worked, any adjustment upward or downward must be based on objective criteria and tied to specific evidence. *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662 (2010).

## ARGUMENT

### I.  THE LOADSTAR CALCULATION: PLAINTIFF'S PRIMA FACIE SHOWING OF A REASONABLE FEE.

#### A.  REASONABLE HOURLY RATES.

The first step is to establish a reasonable hourly rate for the lawyers and staff performing work on the case.  Courts in this district have found a number of sources persuasive in

determining a reasonable hourly rate.  It is important to note, however, that none of these resources, standing alone, will be enough to establish a reasonable hourly rate for legal services.  It is always necessary to present evidence in the form of expert testimony.

For example, in *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235 (4th Cir. 2009) the Fourth Circuit reversed an award of attorney's fees where the only evidence received by the District Court as to the attorney's hourly rate was an affidavit by the attorney himself.  In so doing, the Court cited *Grissom v. The Mills Corp.*, 549 F.3d 313 (4th Cir. 2008) for the noncontroversial proposition that a source like the Department of Justice's Laffey Matrix is not sufficient, standing alone, to establish a reasonable hourly rate.

Although it is not sufficient without supporting expert testimony, the Laffey Matrix – which is prepared annually by the United States Attorney for the District of Columbia – is one source followed by some courts in the D.C. area, including Northern Virginia.  Kitts, who was plaintiff's lead counsel on this case – and has had primary responsibility for setting his own hourly rates since beginning private practice in 2002 – testifies that he has used the Laffey Matrix as one source for setting his hourly rates since beginning private practice.  *Exhibit* 2, *Kitts Declaration*.  Kitts himself serves as an expert witness on the topics of reasonable hourly rates and reasonable time expenditures by lawyers and considers the Laffey Matrix to be one reasonable measure of attorney's fees in the D.C. area.  *Id*.

Another resource that some Courts in the Eastern District of Virginia find persuasive is the "Vienna Metro Matrix." See, *Gomez v. Seoul Gool Dae Gee Inc.*, 2020 WL 354313 (E.D. Va. Jan. 21, 2020, Case No. 1:19-cv-1121.) (citing *Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090 (E.D. Va. 2011)).  The matrix is the work of expert witness Craig C. Reilly, a practitioner with many years of experience before this Court.

Judge Hilton recently cited the *Vienna-Metro Matrix* as evidence that an hourly rate between $520 and $770 is reasonable for a lawyer with 16 to 19 years of experience. See, *United States ex rel. Maxwell v. Anham USA, Inc*., 2020 WL 4460364, at *2 (E.D.Va., 2020). Judge Hilton reached a similar conclusion in June of 2020 in *Bowden v. Forest River*, 2020 WL 3584792 (E.D.Va., 2020). There he again cited the *Vienna Metro* matrix and approved a rate of $625 per hour for the work of a lawyer with 16 years of experience and the rate of $450 per hour for a lawyer with 10 years of experience.

No one suggests that it would be sufficient for the Court to look only at these two resources – or at the Kitts declaration, which relies on the Laffey Matrix – to determine a reasonable hourly rate. It is therefore important to note that plaintiff's expert witness, John J. Rigby, opines that $590 per hour for Kitts' work is a reasonable hourly rate. *Exhibit* 4. Mr. Rigby also finds the rate of $450 per hour for the work of contract attorney Jami Lampert to be reasonable and supported by the market in Northern Virginia. *Id*.

Mr. Rigby further opines that he has used the Laffey Matrix as one source when he sets hourly rates in his own practice. *Rigby Declaration*. Mr. Rigby further testifies that $590 per hour for Kitts is reasonable, particularly in view of the specialized nature of wage and hour work. *Id*. Rigby further agrees with Mr. Kitts that this case would, in general, be unattractive to most lawyers handling employment law cases and especially FLSA claims. *Id*.

    **B.    REASONABLE TIME EXPENDITURES.**

In his declaration, Kitts discusses the time entries and his firm's time-tracking practices. *Kitts Declaration*. All time entries were in six-minute increments and were recorded at the time the work was performed. Kitts himself uses the "stop-watch" feature of the PC Law program.

Each time entry contains a short but sufficient description of work that allows the reader to understand what work was performed for that time entry. *Id.*

Kitts further testifies that he reviews his bills on a regular basis and that, from time to time, he reduces a time expenditure if it was not reasonable with the benefit of hindsight. Kitts testifies that he has not "billed" any time to the defendants in this case that he would not expect a client paying for his services to pay. Kitts also testifies that his firm does not seek compensation for all of the time spent working on the case. As just one example, Kitts testifies that he has excluded 1.7 hours spent in June of 2021 on a Motion to Correct the Docket under Fed. R. Civ. P. 60. *Id.* This motion was needed because of Kitts' own spelling errors in the name of the plaintiff and the defendant, and he would not have asked a paying client to pay for that work. *Id.* Kitts further excluded an additional .5 hours spent on a motion that was never filed. As another example, Kitts does not seek compensation for several hours of work performed before the lawyer engagement agreement was signed by Mr. Hassan; nor does Kitts seek payment for hours worked on this petition after Friday, November 19, 2021. *Id.*

    **C.**     **APPLICATION AND ANALYSIS OF THE *JOHNSON* FACTORS RELEVANT TO THIS CASE.**

    **1. Time and Labor Required.**

The time and labor required are described in the invoices and in more detail in the Kitts declaration. Work on this case was performed by Kitts and a contract attorney named Jami Lampert, who is employed by National Legal Research Group. K&G Law Group seeks compensation for a total of 70.4 hours of legal work for a total fee of $40,696.00.

The total amount of time spent by Hassan's lawyers was increased by several factors.

First, the on-going pandemic increased the amount of time it took to prepare the case because many routine lawyer tasks, like meeting with clients, obtaining and reviewing documents, etc., have become more difficult during the pandemic. In addition, the long delay between the filing of plaintiff's opposition to the summary judgment motion and the oral argument meant that several hours of work had to be performed to prepare for the hearing. *Kitts Declaration.* Preparation for a hearing takes much less effort when the briefs have been recently filed. The two most time-consuming parts of this case were the opposition to the Rule 56 Motion and this fee petition. *Id.*

### 2. The Novelty and Difficulty of the Case.

Experience with FLSA litigation was helpful and necessary for this case and allowed many of the tasks to be completed quickly and efficiently by Kitts. *Kitts Declaration*. At first there was nothing unusual or difficult about the case. *Id*. Mr. Hassan performed 30 hours of work for which he was not paid, and there were few, if any, affirmative defenses available to the defendants. But for the actions of the defendants, this case would have quickly resulted in a correspondingly small settlement. *Id*.

Rather than simply settle the case at the outset, defendants requested an extension of time to answer, and then chose the ill-advised strategy of an early summary judgment motion. Even though Kitts believed that this was a long-shot among long-shots, it still had to be handled carefully. *Id*. Defendants raised several arguments in a "shotgun style" brief and hoped the court would buy into at least one of them. (*Doc*. 16). As just one example, defendants appeared to argue that because there is no required time for payment under the FLSA they were fully justified in paying Hassan whenever they felt like it. *Id*. Defendants also argued that the entire case was moot because they paid the full damages demanded by Mr. Hassan's counsel. *Id*.

As Kitts testifies, in his opinion it must be relatively easy to formulate incomplete arguments of this nature that have almost no basis in law; it is another thing entirely to try to respond to such arguments in a complete and intelligent manner. *Id*.

### 3. Skill required to perform the legal services properly.

Specialized knowledge of the FLSA was required for this case. Kitts' experience with FLSA work and federal civil procedure allowed him to complete much of the work more rapidly than a less-experienced lawyer could. *Id*. As Kitts testifies in his declaration, he has not sought an enhanced hourly rate as a result of this experience; instead he has sought rates generally applicable to complex federal civil litigation in this Court. *Id*.

### 4. Preclusion of Other Employment.

Preclusion from other employment (otherwise known as "opportunity costs") was not a significant factor in this case.

### 5. The Customary Fee.

To the extent this factor is relevant, Kitts and Rigby both testify that the hourly rates sought here are well in line with the market for complex federal civil litigation. *Kitts Declaration, Rigby Declaration.*

### 6. Whether the Fee is Fixed or Contingent.

This case was handled under a contingency fee arrangement. Had there been no recovery, counsel would not have been entitled to any fee. In the event of a recovery, plaintiff's counsel is entitled to compensation for attorney's fees and costs under the fee shifting provisions of the FLSA; plaintiff's counsel will not receive a percentage of Mr. Hassan's recovery. *Kitts Declaration*.

### 7. Time Limitations Imposed by Client or Circumstances.

Kitts testifies that slightly more time than usual was spent because of the on-going pandemic. *Id*. For example, the nearly two-month delay between the filing of the opposition to the Rule 56 motion and the hearing was a direct result of the pandemic and meant that Kitts had to spend slightly more time preparing for the hearing than he normally would. In addition, defendants chose to file the surprise Rule 56 motion without prior notice, which required Kitts to hire a contract attorney because he had not planned the time into his schedule and had numerous other personal and professional commitments. *Id*.

### 8. Amount Involved and Result Attained.

The total amount of money (exclusive of attorney's fees) at issue in this case might be small in the grand scheme of things, but for Mr. Hassan it represented almost one full week of work. Moreover, it was money Mr. Hassan earned and to which he was entitled. What matters more than the total amount of money at issue is the fact that Mr. Hassan received 100% of what he was entitled to receive. *Id*.

Statutes like the FLSA that award fees only to a prevailing plaintiff demonstrate an important public interest in the prosecution of such cases. Kitts believes that Mr. Hassan's case is a classic example of why Congress included a fee-shifting provision in the FLSA. *Kitts Declaration*. Congress chose to focus on the vindication of a plaintiff's rights, and the court should not place undue emphasis on the amount of plaintiff's recovery. See *Castel v. Advantis Real Estate Servs. Co*. 2008 WL 3348774 (E.D. Va. 2008) (citing Fegley v. Higgins, 19 F. 3d 1126, 1135 (6th Cir. 1994). See also *Estes v. Meridian One Corp*., 77 F. Supp. 2d 722 (E.D. Va. 1999) (court awarded $76,092.83 in attorneys' fees and costs after jury award to plaintiff of $1,297.58 in FMLA case).

And, to repeat, it was the actions of defendants, and not the plaintiff, that required Mr. Hassan's lawyers to spend more than 70 hours of work.

### 9. Experience, Reputation and Ability of the Attorney.

Kitts testifies in detail about his experience, reputation and ability; Mr. Rigby also testifies about Kitts' experience, reputation and ability. *Kitts Declaration, Rigby Declaration.* Mr. Rigby testifies that he believes Mr. Kitts' experience, reputation and ability are worth $590 per hour, and he further testifies that Ms. Lampert is worth $450 per hour. *Id*.

### 10. Undesirability of the Case.

This case was undesirable in the sense that it was for a small amount of money and involved a small business that may or may not be solvent. Kitts testifies that many of his peers in the employment law community would not be interested in such a small case. *Id*. Mr. Rigby also testifies that this case would not have been attractive to him. *Id*. However undesirable the case might have been, Kitts testifies that in his view the case had merits other than its monetary value. *Id*.

### 11. Nature and Length of Professional Relationship with Client.

This was the first legal matter Kitts handled for Mr. Hassan. This factor was not important to this case.

### 12. Awards in Similar Cases.

Above in the argument section of this petition Kitts cites several fee awards in cases in the Eastern District of Virginia.

### D.   PLAINTIFF PREVAILED ON EVERY CLAIM HE BROUGHT AND RECOVERED ALL AMOUNTS TO WHICH HE WAS ENTITLED.

As the final step in analyzing a fee petition, the court must deduct hours spent on unsuccessful, unrelated claims and award some percentage of the remaining number. This step is

uncomplicated because Mr. Hassan didn't bring any claims other than the claim for his unpaid wages, and he prevailed on this claim in full.

## REQUEST FOR RELIEF

Plaintiff Issaq Hassan requests judgment in the amount of $41,258.00 (forty-one thousand, two hundred fifty-eight dollars) which consists of $40,696.00 in fees and $562.00 in costs; alternatively, Mr. Hassan requests any supplemental relief the court may find warranted. In addition, Mr. Hassan reserves the right to file a supplemental petition in the event collections work is necessary to satisfy his judgment.

Respectfully Submitted:

/s/
_____
Zachary A. Kitts
Virginia Bar # 47052
Counsel for Plaintiff
K&G Law Group, PLLC
3554 Chain Bridge Road, Suite 100
Fairfax, Virginia 22030
Phone: 703-649-5500
Fax: 703-649-6363
Email: zkitts@kglawpllc.com

## CERTIFICATE OF SERVICE

This is to certify that on November 22, 2021 a copy of this Attorney's Fee Petition will be filed with the ECF system and will be served via email on opposing counsel.

/s/

_____
Zachary A. Kitts
Virginia Bar # 47052
Counsel for Plaintiff
K&G Law Group, PLLC
3554 Chain Bridge Road, Suite 100
Fairfax, Virginia 22030
Phone: 703-649-5500
Fax: 703-649-6363
Email:  zkitts@kglawpllc.com